IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ORIGINAL CREATINE PATENT COMPANY, LTD, | ) ) ) |
| Plaintiff, | ) ) C. A. No. _____ |
| v. | ) ) ) |
| UNIVERSAL NUTRITION, INC. | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

### Subject Matter Jurisdiction

1.  This action arises under the patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. § 271 *et seq*. Jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### The Parties

2.  Plaintiff The Original Creatine Patent Company, Ltd. ("OCPC") is an English company organized under the laws of the United Kingdom, with its principal place of business at Grandview, North Rigton, Leeds LS17 0DW, UK.

3.  On information and belief, Defendant Universal Nutrition ("Universal Nutrition") is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 3 Terminal Road, New Brunswick, New Jersey.

### Venue and Personal Jurisdiction

4.  Venue is proper in this forum pursuant to 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b). Venue and jurisdiction for this action are proper in Delaware given that defendant has committed infringement and otherwise engaged in commerce within this judicial district.

**The Patents-in-Suit**

5. OCPC is the assignee of the entire right, title and interest in United States Patent Number 5,757,159, issued to Eric Hultman and Roger C. Harris on June 16, 1998 and entitled METHOD OF INCREASING CREATINE SUPPLY DEPOT ("the '159 patent"). A copy of the '159 patent is appended hereto as Exhibit A.

6. OCPC is the assignee of the entire right, title and interest in United States Patent Number 5,968,544, issued to Alan N. Howard and Roger C. Harris on October 19, 1999 and entitled COMPOSITIONS CONTAINING CREATINE ("the '544 patent"). A copy of the '544 patent is appended hereto as Exhibit B.

7. OCPC is the assignee of the entire right, title and interest in United States Patent Number 6,274,161 B1, issued to Alan N. Howard and Roger C. Harris on August 14, 2001 and entitled COMPOSITIONS CONTAINING CREATINE IN SUSPENSION ("the '161 patent"). A copy of the '161 patent is appended hereto as Exhibit C.

**Allegation of Direct Infringement**
(35 U.S.C. § 271(a))

8. On information and belief, Universal Nutrition has made, used, offered for sale and/or sold, and continues to make, use, sell and/or offer for sale, creatine-containing products embodying the invention patented in the '544 patent, thereby infringing one or more of the claims of the '544 patent. Such creatine-containing products include, but are not limited to, Universal Nutrition's "Cell Pro", "Creatine Punch" and "LAVA" products.

9. On information and belief, Universal Nutrition's infringement of the '544 patent has been willful.

10. On information and belief, Universal Nutrition's willful infringement of the '544 patent will continue unless enjoined by this Court.

11. OCPC has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law as a result of Universal Nutrition's direct infringement of the '544 patent.

2

12. On information and belief, Universal Nutrition has made, used, offered for sale and/or sold, and continues to make, use, sell and/or offer for sale, creatine-containing products embodying the invention patented in the '161 patent, thereby infringing one or more of the claims of the '161 patent. Such creatine-containing products include, but are not limited to, Universal Nutrition's "Creatine Chews" and "CREActive" products.

13. On information and belief, Universal Nutrition's infringement of the '161 patent has been willful.

14. On information and belief, Universal Nutrition's willful infringement of the '161 patent will continue unless enjoined by this Court.

15. OCPC has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law as a result of Universal Nutrition's direct infringement of the '161 patent.

### Allegation of Indirect Infringement
### (35 U.S.C. § 271(b))

16. On information and belief, Universal Nutrition has been infringing, and currently is actively and willfully inducing others to infringe, one or more of the claims of the '159 patent through its sale of creatine-containing products embodying the invention patented in the '159 patent. Such products include, but are not limited to, Universal Nutrition's "Cell Pro" "Creatine Punch" and "Micronized" products.

17. On information and belief, Universal Nutrition's willful infringement of the '159 patent will continue unless enjoined by this Court.

18. OCPC has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law as a result of Universal Nutrition's indirect infringement of the '159 patent.

## Request for Relief

19. OCPC respectfully requests:

   a. judgment that Universal Nutrition has willfully infringed one or more claims of the '544 patent pursuant to 35 U.S.C. § 271(a);

   b. judgment that Universal Nutrition has willfully infringed one or more claims of the '161 patent pursuant to 35 U.S.C. § 271(a);

   c. judgment that Universal Nutrition has actively and willfully induced infringement of one or more claims of the '159 patent pursuant to 35 U.S.C. § 271(b);

   d. a preliminary and permanent injunction against continued infringement of the '544 patent pursuant to 35 U.S.C. § 283;

   e. a preliminary and permanent injunction against continued infringement of the '161 patent pursuant to 35 U.S.C. § 283;

   f. a preliminary and permanent injunction against continued infringement of the '159 patent pursuant to 35 U.S.C. § 283;

   g. damages, together with prejudgment interest, for past infringement of the '544 patent pursuant to 35 U.S.C. § 284;

   h. damages, together with prejudgment interest, for past infringement of the '161 patent pursuant to 35 U.S.C. § 284;

   i. damages, together with prejudgment interest, for past infringement of the '159 patent pursuant to 35 U.S.C. § 284;

   j. a finding that this case is exceptional pursuant to 35 U.S.C. § 285;

   k. enhanced damages pursuant to 35 U.S.C. §§ 284 and 285;

   l. its attorney fees pursuant to 35 U.S.C. § 285;

4

m. its costs pursuant to Fed. R. Civ. P. 54(d); and

n. any other relief this Court deems appropriate under the circumstances.

Respectfully submitted,

| Of Counsel: | POTTER ANDERSON & CORROON LLP |
|---|---|

By: *Richard L. Horwitz* /s/

James K. Lewis
Justin M. Brown
PATTON BOGGS LLP
1660 Lincoln St., Suite 1900
Denver, CO 80264
Telephone: 303-830-1776
Facsimile: 303-894-9239

Marc R. Labgold, Ph.D.
Kevin M. Bell
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
Telephone: (703) 744-8000
Facsimile: (703) 744-8001

Dated: July 28, 2005

692440

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*The Original Creatine Patent Company, Ltd.*