**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE ORIGINAL CREATINE ) <br> PATENT COMPANY, LTD., ) <br> ) <br> )    C.A. No. 05-543 (GMS) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL NUTRITION, INC., ) <br> ) <br>        Defendant. ) | |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT
AND COUNTERCLAIM OF UNIVERSAL NUTRITION, INC.**

Defendant, Universal Nutrition, Inc. ("Universal") by counsel, as for its answers to the Complaint of Plaintiff The Original Creatine Patent Company, Ltd. ("OCPC") states and responds as follows:

1. Admits only that this action arises under the patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. § 271 *et seq* and denies the remaining allegations of paragraph 1.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the same.

3. Admits the allegations of paragraph 3.

4. Denies the allegations of paragraph 4.

5. Admits only that a copy of U.S. Patent No. 5,757,159 patent is attached as Exhibit A but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and therefore denies the same.

6. Admits only that a copy of U.S. Patent No. 5,968,544 is attached as Exhibit B but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies the same.

7. Admits only that a copy of U.S. Patent No. 6,274,161B1 is attached as Exhibit C but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies the same.

8. Denies the allegations of paragraph 8.

9. Denies the allegations of paragraph 9.

10. Denies the allegations of paragraph 10.

11. Denies the allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Denies the allegations of paragraph 13.

14. Denies the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Paragraph 19 of the complaint contains no factual assertions that can be admitted or denied but instead contains Plaintiff's requests for relief which all should be denied.

## AFFIRMATIVE DEFENSES

20. Universal has never infringed and is not presently infringing any valid and unenforceable claims of U.S. Patent Nos. 5,757,159; 5,968,544; and 6,274,161 ("the asserted patents").

21. The asserted patents are invalid and/or unenforceable and/or no damages may be received by OCPC pursuant to one or more provisions of 35 U.S.C. et seq., including, but not limited to §§ 102, 103, 112, 286, and 287.

22. OCPC is not entitled to the relief sought.

23. Universal reserves the right to assert such other defenses as may appear as discovery proceeds in this case.

## COUNTERCLAIMS OF UNIVERSAL NUTRITION, INC.

24. Universal counterclaims against OCPC pursuant to the patent laws of the United States, Title 35 U.S.C., with a specific remedy sought based upon the laws authorizing action for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 13.

25. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Plaintiff is subject to personal jurisdiction of this Court in this district and elsewhere.

26. An actual controversy exists between Universal and OCPC by virtue of the allegations of the complaint in this action and the answer to as to whether the asserted patents are invalid and not infringed by Universals' products.

27. Universal has not and is not infringing any valid and enforceable claims of the asserted patents.

## ASSERTED PATENTS ARE INVALID

28. The asserted patents are invalid and/or unenforceable for failure to comply with one or more provisions of 35 U.S.C. *et seq.*, including but not limited to §§ 102, 103 and 112.

## ASSERTED PATENTS ARE UNENFORCEABLE DUE TO PATENT MISUSE AND UNCLEAN HANDS

29. Based on the foregoing, Universal is entitled to a judgment holding that the asserted patents are invalid, unenforceable and not infringed by Universal.

30. OCPC has engaged in patent misuse and has unclean hands and should not be permitted to enforce the asserted patents because OCPC is knowingly asserting invalid patents.

WHEREFORE, Universal prays that:

- A. The Complaint be dismissed with prejudice;
- B. Judgment be entered in favor of Universal on its Counterclaim, including an order that the asserted patents are invalid.
- C. Judgment be entered in favor of Universal on its Counterclaim, including an order that the asserted patents are unenforceable;
- D. Judgment be entered in favor of Universal on its Counterclaim, including an order that the asserted patents are not infringed by Universal;
- E. Judgment that the asserted patents are unenforceable due to OCPC patent misuse;

      F.      The court award punitive damages based on OCPC's inequitable and unjust conduct; and

      G.      Universal be awarded its allowable costs and fees and such other and further relief as is just and proper.

Dated: December 5, 2005

                              Respectfully submitted,

                              */s/ David L. Finger*
                              David L. Finger (DE Bar ID #2556)
                              Finger & Slanina, LLC
                              One Commerce Center
                              1201 Orange Street, Suite 725
                              Wilmington, Delaware  19801-1155
                              (302) 884-6766
                              Attorney for defendant Universal Nutrition, Inc.

OF COUNSEL:
Richard J. Basile
Andy I. Corea
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: lit@ssjr.com

## **CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that a true and correct copy of the foregoing **ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** is being served this 5th day of December, 2005, via first class mail, postage prepaid to the below-listed counsel of record, except to the extent that service is effectuated via CM/ECF:

James K. Lewis, Esq.
Justin M. Brown, Esq.
Patton Boggs LLP
1600 Lincoln Street, Suite 1900
Denver, Colorado  80264


Marc R. Labgold, Esq.
Kevin M. Bell, Esq.
Patton Boggs LLP
8484 Westpark Drive
McLean, Virginia  22102


Richard J. Horowitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware  19899-0951


*/s/ David L. Finger*
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, Delaware  19801-1155
(302) 884-6766